## JOSEPH E. WILSON v. ALEXANDER WILSON.

*A mandatary acting for himself as well as others cannot recover on a quantum meruit. The procuration is gratuitous unless there has been a contrary agreement. C. C. 2960.*

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
*Waples & Eustis,* for plaintiff and appellant. *Benjamin, Bradford & Finney,* for defendant.

BUCHANAN, J. Plaintiff and defendant, with others, all heirs of *Joseph* and *Lavinia Erwin,* brought a chancery suit in the United States Circuit Court in New Orleans, against sundry parties, to annul a compromise and settlement of the successions of the said *Joseph* and *Lavinia,* as having been made in fraud of the complainants, and in error as to their rights.

Plaintiff acted as agent of many of his fellow complainants in preparing this suit for trial; and stipulated with them for a compensation for his services so rendered, which compensation he has received.

He now sues his brother, the defendant, for the sum of five thousand dollars, being about fifty per cent. of the amount coming to the latter under the decree in the chancery suit. This demand is founded upon a contract, which is alleged in plaintiff's petition in the following terms:

"Your petitioner avers that the said *Alexander Wilson* also employed your petitioner to prosecute his interest in the said suit, promising to pay him whatever might be the value of petitioner's services."

Defendant pleads a general denial; and also specially denies that he ever made any other contract with the plaintiff in regard to the institution or prosecution of the suits referred to in the petition, than one which he annexes to his answer: a contract in writing, bearing date the 24th August, 1847.

By a supplemental petition, plaintiff asked for a jury trial: which was had, and resulted in a verdict for defendant. Plaintiff appeals.

The question was one of fact. Plaintiff claimed upon an alleged contract; and defendant alleged a totally different contract. The jury have found this question in favor of defendant; and a careful scrutiny of the evidence has not disclosed to us any error in this finding; but the contrary.

It must be remarked, that plaintiff does not claim for professional services. He was not a lawyer, but one of the parties complainant. There were several lawyers engaged for the complainants, whose services have been very liberally compensated. The interest of plaintiff and defendant in the suit was equal, and their share of the judgment recovered, after deducting lawyers' fees, was the same— about eleven thousand dollars each.

It is clear, therefore, that whatever care, pains, and time were devoted by plaintiff to this business, he was laboring for himself and in his own interest; although, in point of fact, his labor profited others as well as himself. In such a state of facts, no action could have been maintained upon a bare *quantum meruit.* It was incumbent to allege, and to prove, a specific contract. The contract proved in this case, does not entitle the plaintiff to recover anything from the defendant. In this connection it is not amiss to mention, as a fact proved in the record, that

J. WILSON
*v.*
A. WILSON.

plaintiff has been richly remunerated by his other co-plaintiffs and co-heirs for his labor and loss of time in prosecuting his and their interests; having received, in addition to what he recovered in his own right, about forty-five thousand dollars in cash and notes at one, two and three years, proceeds of the litigation in question.

Judgment affirmed, with costs.